**In re PREMIER OPERATIONS,**
Debtor–in–Possession.

**NOVA Information Systems,
Inc., Appellant,**

v.

**Premier Operations, Ltd., Debtor–
in–Possession, Appellee.**

No. 02 Civ. 6997(VM).

United States District Court,
S.D. New York.

March 26, 2003.

Toni Marie McPhillips, Duane Morris LLP, New York City, for appellant.

Ken Coleman, Allen & Overy, New York City, for appellee.

## DECISION AND ORDER

MARRERO, District Judge.

Appellee Premier Operations, Ltd. ("Premier") filed an emergency motion (the "Motion") with this Court pursuant to Rules 8011 and 8019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking an expedited determination of appellant NOVA Information System Inc.'s ("NOVA") appeal (the "Appeal") from a July 21, 2002 order (the "Reclassification Order") of the Bankruptcy Court (the "Bankruptcy Court"), which sustained an objection by Premier to NOVA's amended proof of claim (the "Amended Claim"). The Reclassification Order reclassified NOVA's Amended Claim as a general unsecured claim in Premier's bankruptcy proceeding. In an order dated March 7, 2003 (the "Order"), this Court denied Premier's motion to dismiss the Appeal (the "Motion to Dismiss") and the parties subsequently submitted a briefing schedule to argue the merits of

the Appeal, which was approved by memo endorsement of this Court on March 17, 2003 (the "Briefing Schedule").[1]

Premier's request for expedited consideration of the appeal is grounded on Bankruptcy Rule 8011, which allows a party to obtain expedited consideration in a bankruptcy proceeding if it can show by affidavit that "to avoid irreparable harm, relief is needed in less time than would normally be· required" to appeal a bankruptcy court's decision. Fed. R. Bankr.P. 8011(d); *see, e.g., In re United Pan–Europe Communications N.V.,* 2003 WL 221819 (S.D.N.Y.2003) (denying expedited review because irreparable harm claim was supported only by conclusory allegations); *French Bourekas Inc. v. Turner,* 199 B.R. 807, 812 n. 13, 820 (E.D.N.Y.1996) (denial of expedited review despite imminent eviction because merits of appeal were frivolous); *In re Delco Development Mid–Island Limited Partnership,* No. CV–90–3914, 1990 WL 263495, at *1 (E.D.N.Y. Nov. 29, 1990) (summary denial of expedited review and merits of appeal).

Premier presents two arguments to explain why its estate and its creditors will suffer irreparable harm if review of the appeal is not expedited. First, Premier contends that its first amended plan of liquidation (the "Plan"), which is currently scheduled to be considered for approval by the Bankruptcy Court at a hearing on April 9, 2003, is contingent upon the final resolution of NOVA's Amended Claim. Thus, further delay in resolving the status

---

1. On March 18, 2003, the same day as it filed the Motion, Premier submitted a letter purporting to clarify two issues raised in the moving papers filed in its Motion to Dismiss. While Premier did not ask in the letter that the Court reconsider its Order denying the Motion to Dismiss based on these clarifications, the Court feels obliged to note that even if Premier did make such a request, the matters described in the clarifications would be

considered submissions of materials and information that were not "on the record before the Bankruptcy Court at the time the Reclassification Order determined the priority issue," as the Court required of all such materials submitted by Premier in response to the Order. *See In re Premier Operations Ltd.,* 290 B.R. 33, 45 (S.D.N.Y.2003). Consequently, ·the Court would not consider such materials if it were asked to reconsider its Order.

of NOVA's Amended Claim will result in further delay in executing the Plan.

Second, Premier asserts that a settlement (the "Settlement") among Premier, the Official Committee of Unsecured Creditors (the "Committee") and Premier's single largest secured creditor, DLJ Capital Funding, Inc. ("DLJ") is in jeopardy of unraveling if NOVA's status is not quickly resolved because the Settlement is dependent on the Plan being confirmed. Specifically, Premier alleges that the Settlement provides for the conclusion of arrest proceedings and sale of Premier's remaining ship, and that further delay of this sale shall result in further depreciation of the ship and consequently a smaller amount of funds with which to pay Premier's creditors.

Based on the affidavit Premier filed with this Court in support of the Motion, the Court is not persuaded that either of these reasons demands expedited review. First, the Court notes that the Briefing Schedule as agreed to by the parties and as approved by this Court already calls for NOVA to submit a brief on the merits by April 1, 2003, which is eight days prior to the Bankruptcy Court's hearing on the Plan, and concludes with Premier responding on April 16 and NOVA replying to Premier's response on April 28. Thus, the Appeal will be fully briefed in approximately one month. If the parties wish to accelerate the Briefing Schedule, they are welcome to submit a proposed amendment to the Court.

As for the timing involved in the Court's consideration of the Appeal, Premier has not persuaded the Court that there is any threat of irreparable harm if the Court decides the appeal on an ordinary time schedule as opposed to under expedited review. Premier's first argument does not explain why resolving the Amended Claim and thus clarifying the viability of the Plan need be done on an expedited basis, but rather states a truism: that the Plan is contingent upon the resolution of the Amended Claim. If the Court were to credit this kind of argument for every such expedite request, it would be forced to review nearly every bankruptcy appeal on an expedited basis because, as a matter of course, all liquidation plans can be contingent on the resolution of all outstanding creditor claims.

Premier's second argument that further delay will reduce the value of Premier's ship, which is its only remaining asset besides cash, offers nominally more justification for expedited review, but the Court is not persuaded that such a reason by itself merits an extraordinary response. Based on the reality of this Court's docket, the difference between expedited review and ordinary review may be a matter of weeks or months. Premier has not demonstrated that the value of the ship it refers to will significantly depreciate over such a relatively brief period as to reduce or eliminate the recovery Premier's creditors would have received from Premier's estate. Accordingly, for the reasons described above, it is hereby

**ORDERED** that appellee Premier's Operations Ltd.'s Emergency Motion for Order to Show Cause Why Nova's Appeal Should Not Be Determined on an Expedited Basis is DENIED.

**SO ORDERED.**